*412 OPINION of the Court, by
Ch. J. Boyle
— -Thi* is a writ of error to a judgment for the defendant in ejectment. The questions arising; upon the record are ¿ c „ u ° r ⅛*5 following :
1st. Whether by a grant from the commonwealth, actual possession is transferred to the patentee ba- , t , , . - . . r * fore entry upon the land r and if not,
2dly. Whether a patentee, or those claiming under him, can without an actual entrv upon the land maintain an ejectment: and it so,
3dly. Whether an actual entry within twenty year# ncxt tJfcfQre the commencement of ⅛⅜ action, is peces- *413 sary to prevent the statute of limitations from operating as a bar to the action, where there has not been an adverse possession for that length of time ?
Upon the first point, it was contended in argument that the patent was a deed of bargain and sale, and that therefore, by the 12th section of the act concerning conveyances, the possession in fact was transferred to the patentee.
This argument appears to be incorrect, in both its premises and conclusion ; a patent is not a deed of bargain and sale, in either the technical or popular signification of the word. It is complete without delivery and operates from its date, and it is as effectual to pass the estate without as with a consideration- In these respects, and perhaps others, it differs essential!? from ⅜ deed of bargain and sale. Rut if we attend to the-reason of the provision of the section referred to, we will find it inapplicable to a grant from the commonwealth. That provision is in substance taken from a statute of Henry 8th, usually called the statute of uses, which in like manner transferred the possession to the use. Pri- or to that statute, bonds or other corporeal hereditaments could pass from one individual to another, by livery of seisin only. The manifest object of that statute, as Well as that of the section of the act concerning conveyances, was to dispense with the necessity of livery of seisin, in. cases where that ceremony was previously necessary to. transfer the legal estate, and therefore neither the reason of the law nor the intention of the legislature would extend to a case where the estate would pass without livery of seisin. It will hardly be contended that a grant by letters patent would not before the statute convey an estate in land without livery of seisin, and if so, the reason of the law does not apply to a case of this kind. But were a patent a deed of bargain and sale, and did it come within the letter and spirit of the law, it would by no means follow that the actual possession would be transferred to the patentee.
The statute of uses has never been construed to have that effect upon conveyances under that statute ; such a construction would be absurdly ascribing to the legislature the vain attempt to accomplish what is physically impossible, and would completely destroy every idea ®f a distinction between a legal and an actual possession. *414 By the operation of the statute, the possession is transferred to the bargainee in contemplation of law, but it is in the very circumstance that it is, a possession in contemplation of law only, that a legal possession is con-tradistinguished from a possession in fact, which can be acquired only by an actual entry upon the land, or a part of it. The patent therefore, in whatever light it may be considered, cannot be taken to transfer the actual possession to the patentee.
The second point admits of no difficulty. The estate, as we have already observed, passes by the patent without farther ceremony, and with it the right of entry. Whatever doubts may have been formerly entertained Upon the subject, it is now considered as the settled law, that in any case where a party may fay entry alone acquire the legal possession of lands, an actual entry by him is not necessary to enable him to maintain an ejectment. This doctrine seems to be settled upon good reason, tor as by the ancient practice of ejectment, before the consent rule was adopted, it was necessary for the lessor of the plaintiff to enter upon the land and there seal a lease, so according to the modem practice, the confession of such lease includes in it all necessary formalities, and amongst others, the entry into the land for that purpose — -See Peak’s Evidence 329.
The third question is one upon which there is more room for doubt. But we think both reason and authority are on the side of the opinion that the statute of limitations will not operate as a bar against one having a right of entry, unless, there has been an adverse possession for twenty years ; or in other words, that the right of entry cannot be tolled but by an adverse pos session for that length of time. The grant from the commonwealth gives the right of possession, and that right must remain in the grantee, according to every suggestion of reason and analogy, until it vests in some other person. Upon principle, the statute cannot run against the right of one man unless it operates in favor of the right of another, and as it requires a possession of twenty years, to give to the occupant the right of possession, possession, for a shorter period cannot take from an adverse claimant his right of possession.
No case has been found, and it is believed that noifo' exists, in which it has bees adjudged that the rightfof *415 toiled unless there, was an actual possession in years, where there was no adverse possession sntry is twenty •'or that length of time, it is true that m sortie cases, and particularly in the case of Taylor vs. Hord, 1 Burr. 60, it is said by the judge in delivering the opinion of the court, “ that where there hath been no possession either in the lessor of the plaintiff, or those under whom lie claims^ the plaintiff in ejectment will be nonsuited, unless he cart account for the want of it under some Of the exceptions allowed by the statute,” and this expression has been copied into some of the elementary treatises to which we have been referred as authorities upon this point. But upon looking into that case and others where similar language has been used, we find that there was in fact an adverse possession for twenty years, and the expression of the judge ought always to be understood with reference to the case the court were deciding.. Unless the expression in the cake of Taylor vs. Hord, is so understood, it would not only be opposed to the reason ot the thing, but would be palpably and flagrantly inconsistent with the principle laid down, and the language used by the same judge in the case ot Empson vs. Shackleton, 5 Burr. 260 4: for he there laid it down 41 that there must be an adverse possession, in order to enable the statute of .limitations to run ; there must be a disseisin, and a disseisin strictly proved,” and he re* ferred to the case of Taylor vs. ¡lord, in support of the doctrine. We may add here a reference to the observations of Williams upon this point, in his note to Saunders, page 171, note 2, from which it is evidently - inferable that he understood the law to be, that an adverse uninterrupted possession by another for twenty years, was necessary to make the statute of limitations opt rate as a bar to an ejectment.
We are therefore of opinion, that the judgment of the circuit court is erroneous and must be reversed with, costs, and the cause remanded for a new trial to be had therein, not inconsistent with the foregoing opinon.